UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RANDALL MEARS,

        *Plaintiff,*

   -against-

EXPERIAN INFORMATION SOLUTIONS,
INC., AND VERIZON WIRELESS
SERVICES, LLC,

        *Defendants.*

**COMPLAINT AND DEMAND FOR
JURY TRIAL**

By and through the undersigned counsel, Plaintiff Randall Mears ("Plaintiff"), with knowledge as to Plaintiff's own acts and investigation of counsel as to the acts of others, and believing that further investigation and discovery will confirm that the allegations recited herein have substantial evidentiary support, states as follows:

### Introduction

1. Pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), Plaintiff brings this action against Defendant Verizon Wireless Services, LLC. ("Verizon" or the "Furnisher Defendant"), and against Defendant Experian Information Solutions, Inc. ("Experian" or the "CRA Defendant") to recover actual, statutory, and punitive damages. In addition, Plaintiff is entitled to an award of costs and attorney's fees in this statutory fee-shifting action.

### Jurisdiction and Venue

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

4. A substantial portion of the harm Defendants caused Plaintiff due to their FCRA violations was suffered by Plaintiff in this District.

### The Parties

5. Plaintiff is an individual and "consumer" within the meaning of the FCRA. Plaintiff resides in New York, NY.

6. Defendant Verizon is a foreign entity that conducts business in the State of New York and is a "furnisher of information" within the meaning of the FCRA.

7. Defendant Experian is a foreign entity that conducts business in the State of New York, and is a "consumer reporting agency" within the meaning of the FCRA.

### Plaintiff's Claims Against Defendants Pursuant to the Fair Credit Reporting Act

8. Plaintiff is a victim of identity theft.

9. An identity thief opened a Verizon account in Plaintiff's name at a time when Plaintiff was a minor (hereinafter "Fraudulent Verizon Account").

10. Plaintiff disputed the Fraudulent Verizon Account to Experian, although both Verizon and Experian failed to conduct reasonable investigations and verified the account as accurately belonging to Plaintiff.

11. Experian published the Fraudulent Verizon Account to Capital One on March 11, 2026 after Plaintiff disputed the Fraudulent Verizon Account. This publication defamed Plaintiff, thereby:

    a. Giving Capital One the false impression that Plaintiff was a poor credit risk.

    b. Impugning Plaintiff's reputation and character.

    c. Causing Plaintiff to suffer substantial emotional distress as described herein.

*Experian Disputes*

12. In January 2026 and February 2026, Plaintiff disputed ownership of the Fraudulent Verizon Account to Experian ("Experian Disputes").

13. Upon information and belief, Experian notified Verizon about both of the Experian Disputes.

14. After each of Plaintiff's disputes and upon information and belief, Verizon verified to Experian that the Fraudulent Verizon Account was reporting accurately even though Verizon could not, had it performed a reasonable investigation, have verified that the disputed information was accurately attributable to Plaintiff.

15. Experian, in turn, continued to report the Fraudulent Verizon Account even though, had Experian performed a reasonable reinvestigation, it could not have verified the accuracy of the disputed information.

## **Damages**

16. At all times pertinent hereto, the conduct of both Defendants and their agents was malicious, intentional, willful, reckless, and in wanton disregard for the rights of Plaintiff pursuant to the FCRA.

17. In the alternative, the conduct of both Defendants and their agents was in negligent disregard of the rights of Plaintiff pursuant to the FCRA.

18. Both Defendants, as a direct and proximate result of their unlawful actions, conduct, and omissions, published inaccurate information about Plaintiff to third parties.

19. Both Defendants' publications of inaccurate information about Plaintiff caused Plaintiff to suffer damages cognizable pursuant to the FCRA, including but not necessarily limited to the following:

   a. Plaintiff suffered substantial emotional distress. That emotional distress includes

ongoing stress. Plaintiff's emotional distress has manifested itself through frustration and apprehension about applying for credit.

b. Plaintiff was defamed by Defendants, both of which published false information about Plaintiff that damaged Plaintiff's reputation for creditworthiness. Such defamation further contributed to, among other things, Plaintiff's ongoing emotional distress.

c. Plaintiff also suffered at least one credit denial and, upon information and belief, additional credit harm.

20. The damages Plaintiff suffered are cognizable actual damages under the Fair Credit Reporting Act.

21. Because of Defendants' willful violations of the fair credit laws, Plaintiff is entitled to an award of actual damages (or statutory damages), such punitive damages as the Court may allow, and Plaintiff's costs and reasonable attorney's fees.[1]

### First Cause of Action
### Violations of the FCRA by Verizon Wireless Services, LLC
### (Furnisher Defendant)

22. Because of its unlawful reporting and verifications of the Fraudulent Verizon Account, Furnisher Defendant Verizon is liable to Plaintiff for violating § 1681s-2(b) of the FCRA by its acts and omissions, including but not limited to:

a. failing to conduct reasonable investigations of Plaintiff's disputes of the Fraudulent Verizon Account reporting on Plaintiff's Experian credit report after, upon information and belief, Verizon received notice of Plaintiff's disputes from Experian;

---

[1] Even if a jury finds that a Defendant's unlawful conduct was merely negligent, Plaintiff would still be entitled to an award of actual damages, costs, and reasonable attorney's fees in this fee-shifting action.

b.  failing to review all relevant information provided to Verizon by Experian concerning Plaintiff's disputes of the Fraudulent Verizon Account;

c.  failing to promptly modify, delete, or permanently block any and all information about the Fraudulent Verizon Account that Verizon, had it conducted a reasonable investigation of Plaintiff's disputes, could not have affirmatively verified as accurate; and

d.  falsely representing to Experian that Plaintiff was responsible for the Fraudulent Verizon Account.

### Second Cause of Action
### Violations of the FCRA by Experian Information Solutions, Inc.
### (Consumer Reporting Agency)

*Violations of FCRA § 1681e(b)*

23. Experian violated FCRA § 1681e(b) by preparing and publishing one or more inaccurate consumer reports about Plaintiff to third parties because Experian did not follow reasonable procedures to assure maximum possible accuracy of information it reported about Plaintiff. Those consumer reports, upon information and belief, contained inaccurate information about Plaintiff, including but not necessarily limited to the Fraudulent Verizon Account.

*Violations of FCRA § 1681i*

24. Experian violated FCRA § 1681i(a)(1) by failing to conduct reasonable reinvestigations of the Fraudulent Verizon Account after Plaintiff disputed its accuracy to determine whether the Fraudulent Verizon Account was accurately reporting.

25. Experian violated FCRA § 1681i(a)(4) by failing to review and consider all relevant information communicated by Plaintiff concerning Plaintiff's disputes of the Fraudulent Verizon Account.

26. Experian violated FCRA § 1681i(a)(5) by failing to promptly delete the Fraudulent Verizon Account from its consumer file for Plaintiff despite the fact that Experian, had it conducted a reasonable reinvestigation of Plaintiff's disputes, could not have affirmatively verified that the disputed information was accurate.

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages and equitable relief against Defendants:

1. Awarding against each Defendant actual damages, statutory damages, punitive damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o.

2. Such other and further relief as may be necessary, just, and proper.

## Demand For Jury Trial

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

*/s/ Servando Martinez*
Servando Martinez
**Sherman & Ticchio PLLC**
servando@st-legal.com
120 N. Main Street, Suite 302(b)
New City, NY 10956
212.324.3874